Galo Carrillo v. Garland

BIA
Schoppert, IJ
A205 308 498

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of March, two thousand twenty-two.

PRESENT:
        JOHN M. WALKER, JR.,
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

MELVIN NOE GALO CARRILLO, AKA
MARVIN NOE GALO CARRILLO,
        *Petitioner,*

        v.                                      19-3197
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Michael W. Pottetti, Esq., Port
                         Jefferson, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Jessica E.

Burns, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Melvin Noe Galo Carrillo, a native and citizen of Honduras, seeks review of a September 17, 2019, decision of the BIA denying Galo Carrilo's motion to remand and affirming a February 9, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Melvin Noe Galo Carrillo*, No. A 205 308 498 (B.I.A. Sept. 17, 2019), *aff'g* No. A 205 308 498 (Immig. Ct. N.Y. City Feb. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual

2

findings for substantial evidence and questions of law de novo); *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing denial of motion to remand for abuse of discretion). An applicant for asylum must establish either past persecution or a fear of future persecution and show that "one central reason" for the past or feared harm is a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b).

The agency did not err in finding that Galo Carrillo failed to demonstrate past persecution or a well-founded fear of future persecution. Galo Carrillo identified his daughter's rape as his past persecution, but an asylum "applicant must rely upon harm the applicant has suffered individually." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Although harm to a family member may constitute past persecution if "an applicant's family member was harmed as a means of targeting the *applicant* on some protected ground," *id*. (emphasis in original), there is no allegation that Galo Carrillo's daughter's rapist acted out of any intent to harm Galo Carrillo.

Galo Carrillo thus had the burden to show a reasonable

3

possibility of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). He did not do so. He asserted that he and his family were at risk of retaliation from the rapist's family, but he testified that no one had physically harmed or directly threatened him or his family and that his family had been granted a restraining order against the rapist's family. *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (quotation marks omitted)); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [applicant's] fear is speculative at best."). Similarly, the BIA did not abuse its discretion in finding that Galo Carrillo's new evidence in support of remand—that his daughter's rapist had been released and the prosecutor had dropped the case—was not likely to change the result in his case because there was no allegation of threats or attempted harm after the release. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008)

4

(holding that movant has "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in [the] case" (quoting *INS v. Abudu*, 485 U.S. 94, 110 (2d Cir. 2005))).

The above findings are dispositive of all forms of relief. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Accordingly, we do not reach Galo Carrillo's arguments that his family constitutes a particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court